# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CLIFTON S. RODGERS,
Appellant,

v.

DEPARTMENT OF THE ARMY,
Agency.

DOCKET NUMBER
CH-0752-19-0204-X-1

DATE: September 10, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Chris S. Searcy</u>, Danville, Kentucky, for the appellant.

<u>Pamela G. Cox</u> and <u>Margaret Walton</u>, Frankfort, Kentucky, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

¶1 This proceeding is before the Board based on the administrative judge's November 16, 2023 compliance initial decision granting the appellant's petition for enforcement and finding that the agency was not in full compliance with the Board's June 27, 2023 final decision. For the reasons discussed below, we find

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

that the agency is now in compliance with the Board's June 27, 2023 final decision and DISMISS the appellant's petition for enforcement.

## BACKGROUND

The appellant's removal appeal.

¶2 The appellant was employed as a GS-11 Supply Management Specialist and held that position as a dual status National Guard technician with the Kentucky National Guard pursuant to 32 U.S.C. § 709. *Rodgers v. Department of the Army*, MSPB Docket No. CH-0752-19-0204-I-1, Initial Appeal File (IAF), Tab 1 at 1; *Rodgers v. Department of the Army*, MSPB Docket No. CH-0752-19-0204-C-1, Compliance File (CF), Tab 1 at 11-12. The agency removed the appellant from his position, effective February 13, 2019. IAF, Tab 12 at 4; CF, Tab 3 at 11. On March 26, 2019, the appellant was discharged from the Kentucky National Guard and assigned to the Retired Reserve. CF, Tab 3 at 12.

¶3 The appellant appealed his removal to the Board, and the administrative judge issued an October 1, 2019 initial decision reversing his removal. IAF, Tab 64, Initial Decision (ID) at 3-6. The administrative judge ordered the agency (1) to cancel the appellant's removal and retroactively restore the appellant, effective February 13, 2019; and (2) to pay the appellant the correct amount of back pay, interest, and benefits. ID at 6-7.

¶4 Following the agency's petition for review, the Board issued a June 27, 2023 Final Order affirming the initial decision. *Rodgers v. Department of the Army*, MSPB Docket No. CH-0752-19-0204-I-1, Final Order (June 27, 2023). The Board ordered the agency (1) to cancel the appellant's removal and retroactively restore the appellant, effective February 13, 2019; and (2) to pay the appellant the correct amount of back pay, interest, and benefits. *Id*., ¶¶ 2-3.

The appellant's petition for enforcement.

¶5 On July 25, 2023, the appellant filed a petition for enforcement with the Board, alleging that the agency had not taken any steps to cancel his removal or process his back pay. CF, Tab 1 at 1. The administrative judge issued a November 16, 2023 compliance initial decision, finding that the agency was not in full compliance with the Board's June 27, 2023 Final Order. CF, Tab 5, Compliance Initial Decision (CID) at 1-10. She considered the agency's argument that it was unable to reinstate the appellant to his dual status position because he was ineligible for that position based on his failure to maintain membership in the Kentucky National Guard, but she explained that, in order to restore the appellant to status quo ante, the agency was still required to cancel the appellant's February 13, 2019 removal and place him in a pay status until the agency undertook a second removal action. CID at 7. She further found that the appellant was owed back pay, interest, and other benefits from February 13, 2019, through the date the agency cancelled his removal and placed him back into a pay status, although the agency was relieved from its obligation to pay the appellant back pay for the period he was incarcerated in 2019. CID at 9-10.

¶6 On December 21, 2023, the appellant filed a petition for review of the compliance initial decision. *Rodgers v. Department of the Army*, MSPB Docket No. CH-0752-19-0204-C-1, Compliance Petition for Review (CPFR) File, Tab 1. The agency responded in opposition to the petition for review. CPFR File, Tab 3.

The compliance referral matter.

¶7 On December 20, 2023, the agency filed a statement of compliance, asserting that it had cancelled the appellant's original removal, effective February 13, 2019, and issued a new notice of removal pursuant to 32 U.S.C. § 709(f)(1)(A) for loss of military membership, effective March 26, 2019. *Rodgers v. Department of the Army*, MSPB Docket No. CH-0752-19-0204-X-1, Compliance Referral File (CRF), Tab 1 at 5. The agency also asserts that it was

unable to complete the back pay requirement because the appellant failed to provide additional information required by the Defense Financial Accounting Service (DFAS). *Id*. at 5-6. In support of its assertions, the agency provides copies of the appellant's Standard Form 50s (SF-50s) showing the cancellation of the original removal and the effectuation of the new removal, its December 6, 2023 notice of removal, its December 6, 2023 email to the appellant requesting the additional information required by DFAS, including the appellant's statement that he was "ready, willing, and able to work" for the period of February 13, 2019, to March 26, 2019, and evidence of any outside earnings, erroneous payments, retirement withdrawals, and unemployment benefits he received during that period. *Id*. at 31-34.

¶8 On December 29, 2023, the appellant submitted a declaration stating that, for the period of February 13, 2019, to March 26, 2019, he had no outside earnings, he was unable to work, and he did not receive any erroneous payments or unemployment benefits. CRF, Tab 3 at 4. On January 8, 2024, the appellant submitted additional documentation for the period of 2020 to 2023. *Id*. at 7-11.

## DISCUSSION OF ARGUMENTS AND EVIDENCE

¶9 When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden of proving its compliance with a Board order. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Id*. The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶10    The agency's outstanding compliance obligations were to: (1) cancel the February 13, 2019 removal and place the appellant in a pay status until it effected a second removal; and (2) pay the appellant the correct amount of back pay, interest, and other benefits until it effected a second removal. CID at 7, 9. The agency has submitted evidence of its attempts to reach full compliance. The appellant has raised objections to the agency's efforts to reach compliance with each requirement, which will be addressed in turn below.

Cancellation of the original removal.

¶11    With its statement of compliance, the agency provided evidence of the actions it had taken on December 6, 2023 to comply with the Board's decision. CRF, Tab 1 at 31-34. The agency provided SF-50s cancelling the original removal, effective February 13, 2019, and effectuating a new removal, effective March 26, 2019. *Id*. at 31, 33. The agency also provided a December 6, 2023 notice informing the appellant that it was removing him from his Title 32 dual status military technician position due to loss of military membership, effective March 26, 2019. *Id*. at 32. We find that the agency is now in compliance with the requirement to cancel the original removal.

Back pay.

¶12    The agency bears the initial burden of proving that it has provided an appellant with the appropriate amount of back pay. *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 13 (2005), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006). When, however, the agency produces concrete and positive evidence that the appellant was not ready, willing, and able to work during all or part of the period during which back pay is claimed, the burden of proof shifts to the appellant to show his entitlement to back pay. *Id*. An individual is not entitled to back pay for any period of time during which he was not ready, willing, and able to report for duty for reasons unrelated to, or not caused by, the unjustified or unwarranted personnel action. *Id*.; 5 C.F.R. § 550.805(c)(2).

¶13    Here, the agency indicated that it was aware that the appellant was arrested on January 19, 2019, booked on January 24, 2019, rebooked on August 17, 2019, and released on September 13, 2019.  CF, Tab 3 at 39, 53.  The Detailed Release Report states that the appellant served 86 days, 9 hours, and 38 minutes, but the exact dates are unknown.  *Id*. at 53.  On December 6, 2023, the agency requested that the appellant provide information required by DFAS to process back pay, including whether he was ready, willing, and able to work for the period between the effective dates of his first and second removals (February 13, 2019 to March 26, 2019).  CRF, Tab 1 at 34.  The appellant responded with a December 29, 2023 statement that he was not able to work during that period.  CRF, Tab 3 at 4.  He did not, however, specify the reason he was unable to work.  In the absence of evidence to the contrary, we find it reasonable to conclude that the appellant was not ready, willing, and able to report for duty due to his incarceration, which was unrelated to the removal action.  *See Winslow v. Department of the Navy*, 46 M.S.P.R. 246, 250 (1990), *aff'd*, 935 F.2d 280 (Fed. Cir. 1991) (Table), *overruled on other grounds by Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294 (2014); *Marshall v. Government Printing Office*, 37 M.S.P.R. 349, 351 (1988).  Thus, the agency was not required to provide the appellant back pay for the period of February 13, 2019, through March 26, 2019.

¶14    Accordingly, we find the agency in compliance and dismiss the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The

regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.